IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARNELL E. ROBERTS         *
          Plaintiff

    v.                         *   CIVIL ACTION NO. RDB-05-597

JON P. GALLEY, WARDEN     *
          Defendant.

                              ******

## MEMORANDUM OPINION

Plaintiff Darnell Roberts is a Maryland Division of Correction prisoner who alleges that he was "involuntarily" transferred to the Texas Department of Corrections in August of 2003, pursuant to an Interstate Corrections Compact ("ICC"). He filed this 42 U.S.C. § 1983 Complaint on March 1, 2005, claiming that: (i) his access to the Maryland courts to effectively challenge his conviction has been restricted; and (ii) while housed in Texas, he is being denied inmate wages required for all Maryland prisoners. (Paper No. 1). Plaintiff seeks to terminate his ICC transfer and to return to the Maryland Division of Correction (*Id*.). He further asks to be paid $1.20 for each day work was performed while confined in Texas. (*Id*.).

Defendant has filed a Motion to Dismiss, asserting that Plaintiff's Complaint fails to state a colorable claim. (Paper No. 6). Plaintiff has filed an Opposition response and a Motion for Appointment of Counsel. (Paper Nos. 9 & 10). The case is ready for the undersigned's consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2004).

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a

motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Plaintiff claims that Defendant has violated his right of access to the court, alleging that his access to the Maryland courts is restricted because he is in Texas.   Defendant asserts that this claim should be dismissed under Fed. R. Civ. P. 12(b)(6), arguing that:

> Roberts's complaint does no more than baldly allege that he does not have access to Maryland courts, to effectively challenge his conviction.   He does not provide any facts as to how his access to Maryland courts has been infringed, or how his ability to challenge his conviction has actually been impaired.   Certainly, the mere fact that Roberts is physically in Texas would not prevent him from challenging his conviction in Maryland. Nothing in the complaint can be construed as alleging that Roberts has been prevented from corresponding with Maryland courts or with public defenders or other lawyers in Maryland.   Indeed, Roberts's own complaint in this Court shows that he is fully capable of bringing a legal matter to the attention of a court in Maryland despite his location in Texas.

(Paper No. 7, Mem. at 3).

In his response, which cites to the Maryland Annotated Code and Supreme Court caselaw, Plaintiff asserts that the Texas institution where he is confined does not afford him any legal materials, cases, or books concerning Maryland law that can help him in appealing his conviction.  (Paper No. 9 at 1).  He claims that the lack of these materials " 'hinders' him in his attempts at having his criminal conviction overturned."  (*Id.*).

Plaintiff is contending he is denied access to Maryland  legal materials while being held in a Texas

prison.   The law to be applied is clear.  Prisoners maintain a fundamental constitutional right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This fundamental right is not diminished when inmates are transferred out of state.   The Tenth Circuit has held that when a prisoner is transferred out of state, the sending state bears the burden of providing the required state legal materials. *Clayton v. Tansy*, 26 F.3d 980, 982 (10th  Cir.1993).                    The failure of the transferor state to provide the state legal materials does not, *ipso facto*, violate a Fourteenth Amendment right.  In order for a prisoner to prove a violation of the constitutional right of access to the courts, he must show: (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; and (2) some quantum of detriment or prejudice caused by the challenged conduct of state officials resulting in the interruption and/or delay of the prisoner's pending or contemplated litigations. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Treff v. Galetka*, 74 F.3d 191, 194 (10th  Cir. 1996).

Plaintiff has consistently indicated, in a fairly conclusory manner, that the absence of Maryland law books in the Texas facility hinders his ability to challenge his Maryland criminal conviction.  The Court must, however, agree with Defendant that at no point in time does Plaintiff specifically indicate how he has been prejudiced by the absence of the legal materials.  Maryland law provides for legal assistance in the filing of criminal appeals and collateral review petitions by the Office of the Maryland Public Defender in applicable cases.[1]  There has been no showing here that Plaintiff has been unable to contact the Maryland

---

[1]     Md. Code Ann., Art. 27A, § 4 provides that:

(a)     It shall be the primary duty of the Public Defender to provide legal representation for any indigent defendant eligible for services under this article. Legal representation may be provided by the Public Defender, or, subject to the supervision of the Public Defender, by his deputy, by district public defenders, by assistant public defenders, or by panel attorneys

courts, the Office of the Maryland Public Defender, or private counsel.   Plaintiff has been challenged by the Defendant's dispositive motion to show detriment or prejudice to his ability to attack his criminal conviction and has failed to so do.

To the extent that Plaintiff continues to complain about the failure to pay him wages while housed in Texas, the undersigned finds he has failed to state a claim of constitutional dimension.  To establish a claim under 42 U.S.C. § 1983, Plaintiff must allege a deprivation of a right, privilege, or immunity secured by the Constitution and laws of the United States.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Because there is no constitutional right to prison wages, *Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986), and because "the [ICC] has not been transformed into federal law, and....cannot be a basis for [an inmate's] 42 U.S.C. § 1983 claim," *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991); *see also Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998), Plaintiff must show that he has a property interest

---

as hereinafter provided for.

(b) Legal representation shall be provided indigent defendants or parties in the following proceedings:

(1)    Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;

(2)    Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;

(3)    Post-conviction proceedings, when the defendant has a right to counsel pursuant to Title 7 of the Criminal Procedure Article;

(4)    Any other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result; and

(5)    An involuntary termination of parental rights proceeding or a hearing under § 5-319 of the Family Law Article, if the party is entitled to Public Defender representation under § 5-323 of the Family Law Article.

4

in prison wages protected by the Fourteenth Amendment, to succeed in this § 1983 suit.  *See Jennings*

*v. Lombardi*, 70 F.3d 994, 995-96 (8ᵗʰ Cir. 1995).

The right to receive prison wages here, however, does not attach as a consequence of being

convicted in Maryland; rather, the right is dependent upon actual in-state incarceration. The triggering event

for the application of the ICC, incarceration in another state, negates the element upon which the paying

of wages is dependent, to wit: incarceration in Maryland.  Therefore, the receipt of prison wages does not

fall within the range of protected rights.  The Court finds that Plaintiff does not have a property interest in

receiving prison wages while incarcerated in Texas.     A separate Order follows granting Defendant's

Motion to Dismiss.[2]


/s/ _____

                    RICHARD D. BENNETT
                    UNITED STATES DISTRICT JUDGE


Dated:    June 20, 2005

---

[2]      In light of the decision of this Court and because the undersigned finds no exceptional circumstances for so doing, the Plaintiff's Motion for Appointment of Counsel is hereby denied.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4ᵗʰ Cir. 1984).